**STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. LARRY MC CUE, DEFENDANT-APPELLANT.**

Superior Court of New Jersey
Appellate Division

Submitted March 8, 1977—Decided March 18, 1977.

Before Judges HALPERN, MICHELS and BOTTER.

Mr. *Stanley C. Van Ness,* Public Defender, attorney for appellant (*Ms. Mary Ellen Shiever,* Assistant Deputy Public Defender, on the brief).

Mr. *William F. Hyland,* Attorney General of New Jersey, attorney for respondent (*Mr. Thomas N. Auriemma,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

BOTTER, J. A. D. Defendant appeals from the sentence imposed for violation of probation. Defendant had pled guilty to aiding and abetting an armed robbery and was sentenced on March 27, 1975 to the Monmouth County Correctional Institution for 364 days, of which six months were to be served in custody and the balance suspended. Defendant was placed on probation for two years. He was also given credit for 139 days spent in custody prior to sentencing.

On July 29, 1975, in the Ocean County Court, defendant pled guilty to armed robbery. On the basis of this conviction he was served with a notice of violation of his probation. On December 19, 1975 he pled guilty to a violation of the probation previously imposed in Monmouth County and was sentenced to an indeterminate term at the Youth Correctional Institution Complex, with a maximum of ten years. He was given credit for 139 days spent in custody. It is from this sentence that he has appealed.

Defendant contends that the sentence imposed for violation of probation was excessive and that it was also illegal in that it did not conform to the provisions of *N. J. S. A.* 2A:164–16. Defendant contends that this statute limits the possible sentence for violation of probation to the remaining portion of the county jail sentence originally imposed.

*N. J. S. A.* 2A:168–1 authorizes our courts "to suspend the imposition or execution of sentence, and also to place the defendant on probation under the supervision of the chief probation officer of the county, for a period of not less than 1 year nor more than 5 years." *N. J. S. A.* 2A:168–4 provides that, for violation of probation, the court "may continue or revoke the probation and the suspension of sentence, and may cause the sentence imposed to be executed or impose any sentence which might originally have been imposed." Both of these sections derived originally from *L.* 1929, c. 156, § 1 and § 4.

*N. J. S. A.* 2A:164–16 provides:

In any sentence involving imprisonment in any county jail, penitentiary or workhouse the court may, as part of the sentence imposed, require the person so sentenced to serve a designated part of such sentence in the jail, penitentiary or workhouse itself, and, thereafter, after having been given credit for days .remitted, if any, to be released on probation under the care of the chief probation officer of the county, in accordance with section 2A:168–1 et seq. of this Title. The chief probation officer thereafter may, at any time within the period of probation fixed in the sentence, return such probationer to the court in which the sentence was pronounced, for violation of any of the conditions of such probation. The court may, upon proof of such violation or violations of any of the conditions of such probation, resentence such person to such jail, penitentiary or workhouse for the remaining portion of the sentence originally pronounced.

This statute was enacted in 1943. *L.* 1943, c. 40, § 1.

 It is clear that after revocation of a completely suspended custodial sentence, the judge may impose any sentence which could have been imposed originally for the offense. *N. J. S. A.* 2A:168–4; *In re White,* 18 *N. J.* 449 (1955); *State v. Pallitto,* 107 *N. J. Super.* 96 (App. Div. 1969), certif. den. 55 *N. J.* 309 (1970); *State v. Driesse,* 95 *N. J. Super.* 491 (App. Div. 1967); *Manda v. State,* 28 *N. J. Super.* 259 (App. Div. 1953); *cf. State v. Cunningham,* 143 *N. J. Super.* 415 (App. Div. 1976). However, *N. J. S. A.* 2A:164–16 specifically provides a limitation on the sentence to be imposed for violation of probation where a partially suspended sentence to a county jail, penitentiary or workhouse had been imposed. See *State v. Pietrowski,* 136 *N. J. Super.* 383, 387 (App. Div. 1975); *State v. Fisher,* 115 *N. J. Super.* 373 (App. Div. 1971).

 There is no authority for imposing a split sentence to a state institution, although *N. J. S. A.* 2A:164–16 grants such authority in sentencing a defendant to a county institution. See *State v. Pietrowski, supra.* Thus, where a sentence to a state institution is suspended and defendant is placed on probation, no portion of the prison term will have

been served prior to the commencement of probation. But *cf.*
*State v. Cunningham, supra.* Where a sentence has been fully
suspended and a condition of probation has been violated, the
Legislature has provided that probation may be revoked and a
new sentence imposed within the limits that could have been
imposed originally for the offense. This is consistent with the
concept that probation is not a sentence in itself but is a
means for supervising a defendant during the time when
the imposition or execution of sentence has been suspended.
*Adamo v. McCorkle,* 26 *N. J. Super.* 562, 567 (App. Div.),
rev'd on other grounds, 13 *N. J.* 561 (1953), *cert.* den. 347
*U. S.* 928, 74 *S. Ct.* 531, 98 *L. Ed.* 1080 (1954). However,
when a split sentence to a county institution has been im-
posed, with defendant serving some time in jail before pro-
bation has commenced, the Legislature provided that a de-
fendant who violates probation may be sentenced for no
longer than the "remaining portion of the sentence originally
pronounced." See *State v. Pietrowski,* and *State v. Fisher,*
*supra,* 115 *N. J. Super.* at 378.

Thus, in cases of a split custodial and probationary
sentence, the provisions of *N. J. S. A.* 2A:164–16 alone
govern resentencing for violation of probation. Here, for
violation of probation, the imposition of an indeterminate
term with a maximum of ten years clearly exceeded the un-
served portion of the original sentence to the county in-
stitution. Such a sentence for violation of probation is illegal,
and the case must be remanded to the trial court for re-
sentencing.

Reversed and remanded. We do not retain jurisdiction.